SUMMONS ISSUED

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

CV 13 2249

VITALIANO, J.

MANN, M.

MENDEL REIZES on behalf of himself and
all other similarly situated consumers

                              Plaintiff,

            -against-

ALLIED INTERSTATE, INC.

                              Defendant.

FILED
IN CLERK'S OFFICE
U S DISTRICT COURT E D N Y

★   APR 12 2013   ★

LONG ISLAND OFFICE

## CLASS ACTION COMPLAINT

### Introduction

1.  Plaintiff Mendel Reizes seeks redress for the illegal practices of Allied Interstate, Inc. in
    which it unlawfully engaged in the collection of consumer debts in violation of the Fair
    Debt Collection Practices Act, 15 U.S.C. § 1692, et *seq.* ("FDCPA").

2.  Plaintiff is a citizen of the State of New York who resides within this District.

3.  Plaintiff is a consumer as that term is defined by Section 15 U.S.C. § 1692(a)(3) of the
    FDCPA.

4.  The alleged debt that Defendant sought to collect from the Plaintiff involves a consumer
    debt.

5.  Upon information and belief, Defendant's principal place of business is located within
    Columbus, Ohio.

-1-

6.    Defendant is regularly engaged, for profit, in the collection of debts allegedly owed by

       consumers.

7.    Defendant is a "debt collector" as that term is defined by the FDCPA, 15 U.S.C. §

       1692(a)(6).

### *Jurisdiction and Venue*

8.    This Court has federal question jurisdiction under 15 U.S.C. § 1692k(d) and 28 U.S.C. §

       1331.

9.    Venue is proper in this district pursuant to 28 U.S.C. § 1391(b), as the acts and

       transactions that give rise to this action occurred, in substantial part, within this district.

### *Allegations Particular to Mendel Reizes*

10.   Upon information and belief, on a date better known by Defendant, Defendant began to

       attempt to collect an alleged consumer debt from the Plaintiff.

       The FDCPA defines "debt" as: "any obligation or alleged obligation of a consumer to

       pay money arising out of a transaction in which the money, property, insurance, or

       services, which are the subject of the transaction are primarily for personal, family, or

       household purposes, whether or not such obligation has been reduced to judgment."

       The Court in Romea v. Heiberger & Assocs., 163 F.3d 111 (2nd Cir 1998), specifically

       held that the FDCPA includes no requirement that a debt be grounded on an extant

       contractual arrangement. Holding that back rent is defined as "debt" by the FDCPA and

       rejected defendant's argument that back rent is not a "debt." The Court likened back rent

       to bounced checks which are also held to be debt as defined by the FDCPA. Bounced

       checks and back rent arise not from an extension of credit, but rather from a breach of

contract and are thus clearly called debt. Plaintiff had a contract with EZ Pass and subsequently breached the contract. The money due is therefore unequivocally "debt" as defined by the FDCPA.

In <u>Bass v. Stolper, Koritzinsky, Brewster, & Neider, S.C., 111 F.3d 1322, 1327 (7th Cir. 1997)</u>, the Court discussed legislative history of how the word "debt" should be defined and states that it is so inclusive as to even include debt arising from non-credit transactions, holding "as long as the transaction creates an obligation to pay, a debt is created."

11.     Accordingly, since plaintiff entered into a contract with EZ Pass, and subsequently breached said contract creating an obligation to pay, this transaction is clearly a "debt."

12.     Plaintiff entered into a contract with EZ Pass and breached the contract by not paying EZ Pass, making it a "debt" covered by the FDCPA that arose from a contractual agreement.

13.     In fact, EZ Pass allows its customers to continue to use EZ Pass facilities with a negative balance for up to 60 days and make back payments in the event that the transponder was not working properly.

14.     In light of the fact that EZ Pass permits drivers to continue to use their facilities even with a negative balance, the debt at hand is contractual in nature, and is a contractual extension of credit by EZ Pass to plaintiff.

15.     The toll fees are a consensual transaction falling directly within the confines of the FDCPA's definition of "debt."

16.     The violation fee is an overdraft protection fee.

17.   Plaintiff incurred an administrative fee because he did not comply with the terms of his contractual agreement with EZ Pass.

18.   The administrative fee is also clearly considered a debt as defined by the FDCPA.

19.   The Plaintiff entered into a contract with E-ZPass which provided a transponder allowing plaintiff to use the toll booths with an arrangement for deferred payment.

20.   In order to pay for the tolls incurred, a credit card was attached to the E-Zpass account which would replenish the balance on a monthly basis.

21.   The FDCPA broadly defines debt as "any obligation... arising out of a transaction in which the money, property, insurance or services which are the subject of the transaction are primarily for personal, family, or household purposes..." '

22.   Plaintiff entered into a consensual contractual arrangement with E-ZPass to enable plaintiff to more easily and quickly access toll roads and at the time plaintiff went through the tolls, there was an existing contractual relationship with E-Zpass.

23.   On or about March 15, 2013, Defendant sent the Plaintiff a collection letter seeking to collect a balance allegedly incurred for personal purposes.

24.   Defendant's said letter provided their address as: "3000 Corporate Exchange Drive, Columbus, OH" and then stated: "Do not send payments or correspondence to this address."

25.   Said language is deceptive as it leads the least sophisticated consumer to be confused as of his rights to dispute the debt with the debt collector.

26.   In fact, the least sophisticated consumer is led to believe from this letter that he has no right to dispute the debt at all with the debt collector, since the Defendant clearly

instructs consumers not to send any correspondence to them.

Pipiles v. Credit Bureau of Lockport, Inc., 886 F.2d 22, 25 (2d Cir. 1989). (Because the

collection notice was reasonably susceptible to an inaccurate reading, it was deceptive

within the meaning of the Act.), Clomon v. Jackson, 988 F.2d 1314, 1319 (2d Cir.

1993). (Collection notices are deceptive if they are open to more than one reasonable

interpretation, at least one of which is inaccurate.), Russell v. Equifax A.R.S., 74 F.3d

30, 34 (2d Cir. N.Y. 1996). (A collection notice is deceptive when it can be reasonably

read to have two or more different meanings, one of which is inaccurate. The fact that

the notice's terminology was vague or uncertain will not prevent it from being held

deceptive under 15 U.S.C. § 1692e(10) of the Act.)

27.    This defect renders the validation notice ineffective in violation of Section 1692g, and

deceptive in violation of 15 U.S.C. §§ 1692e and 1692e(10).

28.    On or about March 22, 2013 at 9:57am, Brent, a representative of Allied Interstate, Inc.

called and left a message with a third party.

29.    The representative asked the third party to give the Plaintiff a message that he call back

Allied Interstate, Inc. regarding an important business matter at (877) 489-5688.

While a majority of the courts have ruled that under the FDCPA, a debt collector may

not have a right to leave a message on a voicemail system and in fact, risks violating

either 15 U.S.C. §§ 1692d(6), 1692e(11) or 1692c(b) if it does so.  See e.g. Carman

v. CBE Group, Inc., (2011 U.S. Dist. LEXIS 29730 (D. Kan. Mar. 23, 2011).  (It is well

settled that when a debt collector contacts or reaches a third party and chooses to

leave **any** message at all to be conveyed to the debtor, such a communication being left

with a third party will in fact violate 15 U.S.C. §§ 1692c(b),1692d(6), 1692e(11).),

Leyse v. Corporate Collection Servs., (2006 U.S. Dist. LEXIS 67719 (S.D.N.Y. Sept.

18, 2006). (The court followed Foti, 424 F. Supp. 2d at 655-56 and  West v. Nationwide

Credit, 998 F. Supp. 642, 644 (W.D.N.C. 1998) in finding that a phone call to a

debtor's neighbor that the defendant had a "very important" matter to address was

"regarding a debt" because the content of the phone call was "with respect to" the

Defendant's efforts to collect on plaintiff's alleged arrearage and since a phone message

that "advised the debtor that the matter required immediate attention, and provided a

specific number to call to discuss the matter" was a communication under the FDCPA

"given that the obvious purpose of the message was to provide the debtor with enough

information to entice a return call. The court noted "Were this Court to determine that

[the debt collectors] Messages did not constitute communications "regarding [Plaintiff's]

debt", the Court would be creating an exception to swallow the rule. Under such an

exception, debt collectors would be able to abuse and harass consumers with phone calls

and other forms of correspondence so long as there is no express mention of the

consumers' debts. The court also found: **"A message left by a debt collector which**

**does not state that it pertains to a financial matter could reasonably pertain to a**

**host of issues - including family or medical matters - which may be viewed by a**

**consumer as much more pressing than a debt owed. The apparent purpose of these**

**messages is to be vague enough to provoke the recipient to return the calls in haste.**

**Leaving a message that deceptively entices a consumer to communicate with a debt**

**collector when he is caught off guard is precisely the kind of abuse the FDCPA**

**intended to prevent."**) (Emphasis added), See <u>Krapf v. Collectors Training Institute of Illinois, Inc.</u> (Dist. Court, WD New York 2010). (Holding that contact with a third party that did not involve an inquiry into Plaintiff's location information but rather left a message for the debtor was a violation of 15 U.S.C. 1692(b), 1692(c)(b), and 1692(d).), <u>West v. Nationwide Credit, Inc.</u>, 998 F. Supp. 642 (W.D.N.C.1998). (Section 15 U.S.C. 1692(c)(b) should be broadly interpreted to prohibit a debt collector, in connection with the collection of any debt, from conveying any information relating to a debt to a third party. The consumer's complaint alleging that the debt collector telephoned Plaintiff's neighbor leaving collector's name and telephone number and asking the neighbor to have consumer return the call, stated a claim for violation of § 1692c(b).), <u>Romano v. Williams & Fudge, Inc.</u>, (644 F. Supp. 2d 653 - Dist. Court, WD Pennsylvania 2008 quoting West v. Nationwide Credit, Inc., 998 F. Supp. 642 - Dist. Court, WD North Carolina 1998). (A complaint alleging that debt collector telephoned Plaintiff's neighbor leaving collector's name and telephone number and asking the neighbor to have Plaintiff return call stated a claim for violation of Section 1692(c)(b).), <u>Thomas v. Consumer Adjustment Co., Inc.</u>, (579 F. Supp. 2d 1290 - Dist. Court, ED Missouri 2008 quoting West v. Nationwide Credit, Inc., 998 F. Supp. 642 - Dist. Court, WD North Carolina 1998). (Holding that 15 U.S.C. § 1692(c)(b) does not prohibit only those third-party communications in which some information about the debt is actually disclosed because that reading would render § 1692(b) superfluous.), <u>Blair v. Sherman Acquisition,</u> (Dist. Court, ND Illinois 2004 quoting West v. Nationwide Credit, Inc., 998 F. Supp. 642 - Dist. Court, WD North Carolina 1998). (All provisions of the statute must be considered

-7-

and each term must be interpreted equally, so as not to deflect from the meaning of the statute. Specifically, as to 15 U.S.C. § 1692, every clause and word must be given force, and § 1692(c)(b) should be broadly interpreted to prohibit a debt collector from conveying any information to a third party that concerns a debt (except for the purpose of obtaining location information as permitted under § 1692(b).), Mathis v. Omnium Worldwide, (Dist. Court, D. Oregon 2006 quoting West v. Nationwide Credit, Inc., 998 F. Supp. 642 - Dist. Court, WD North Carolina 1998). ("`Other than to obtain location information, a debt collector may not contact third persons such as a consumer's friends, neighbors, relatives, or employer. Such contacts are not legitimate collection practices and result in serious invasions of privacy, as well as the loss of jobs.'".), West v. Nationwide Credit, Inc., 998 F. Supp. 642, 645 n.2 (W.D.N.C. 1998) (quoting S. Rep. No. 95-382, reprinted at 1977 U.S. Code & Admin. News 1695, 1699), Krapf v. Collectors Training Institute of Illinois, Inc., (Dist. Court, WD New York 2010 quoting West v. Nationwide Credit, Inc., 998 F.Supp. 642, 643-45 (W.D.N.C. 1998). (Contact with a third party that did not involve an inquiry into Plaintiff's location information, but rather, revealed that Plaintiff had a "business matter." stated a claim under 15 U.S.C. § 1692(c)(b) finding that the Plaintiff's allegation that the Defendant contacted a third party to relay about a "very important" matter regarding the Plaintiff. Plaintiff sufficiently stated claims under 15 U.S.C. §§ 1692(b), 1692(c)(b), and 1692(d).) And finally, the famous Foti v. NCO which gave the name to the now all common FOTI claim already quoted in almost all circuits as a FOTI claim - TO DATE OVER 40 COURTS HAVE ADOPTED FOTIS DEFINITION OF INDIRECT

-8-

COMMUNICATION. Foti v. NCO Financial Systems, Inc., (424 F. Supp. 2d 643 -

Dist. Court, SD New York 2006). - Judge Karas in *Foti* based their reasoning on West v.

Nationwide Credit. In Judge Karas' own words in *Foti* ("In West v. Nationwide Credit,

998 F.Supp. 642, 644 (W.D.N.C.1998), the court rejected a narrow interpretation of the

word "communication," similar to that advanced by NCO in this case. The Plaintiff in

West alleged that Defendants violated § 1692(c)(b) by contacting Plaintiffs neighbor.

Defendants argued that a debt collector's phone call informing a neighbor that he had a

"very important" matter to discuss did not violate 15 U.S.C. § 1692(c)(b) because no

information was actually conveyed about Plaintiffs debt. The West court rejected this

narrow interpretation of "communication" in favor of a broader interpretation. *Id.* at

644. In reaching this conclusion, the West court noted that "[i]n interpreting the

meaning of a statute, it is well settled that `[t]he "plain meaning" of statutory language

controls its construction,'" and went on to examine the dictionary definitions of

"regarding." *Id.* (quoting 657*657 Summit Inv. & Dev. Corp. v. Leroux, 69 F.3d 608,

610 (1st Cir.1995).)  In particular, the court noted: "Webster's Ninth New Collegiate

Dictionary (1st ed.1983) defines the term `regard' as, inter alia, `to relate to,' while it

provides the following definition of the term `regarding': `with respect to: concerning.'"

*Id.*  "Based on these definitions, the court believes the ordinary meaning of the term

`regarding' is consistent with the broader interpretation advocated by Plaintiff." *Id.*  This

conclusion has been embraced by other courts as well in the context of applying §

1692(c)(b).  See, e.g., Henderson, 2001 WL 969105, at *2 (rejecting Defendant's

argument that letter sent to employer seeking information about whether Plaintiff was

employed, her wage scale, her type of employment, the full name of her employer, and

if terminated, the name of her present employer, did not violate 15 U.S.C. § 1692(c)(b)

because it did not suggest a debt collection purpose).  Thus, given the choice of

language by Congress, the FDCPA should be interpreted to cover communications that

convey, directly or indirectly, any information relating to a debt, and not just when the

debt collector discloses specific information about the particular debt being collected.

Indeed, a narrow reading of the term "communication" to exclude instances such as the

present case where no specific information about a debt is explicitly conveyed could

create a significant loophole in the FDCPA, allowing debtors to circumvent the 15

U.S.C. § 1692(e)(11) disclosure requirement, and other provisions of the FDCPA that

have a threshold "communication" requirement, merely by not conveying specific

information about the debt.  In fact, under Defendant's interpretation of

"communication," a debt collector could call regularly after the thirty-day validation

notice is sent, and not be subject to the 15 U.S.C. § 1692(e)(11) requirement so long as

the message did not convey specific information about the debt.  Such a reading is

inconsistent with 658*658 Congress's intent to protect consumers from "serious and

widespread" debt collection abuses.), Krug v. Focus Receivables Mgmt., LLC, (2010

U.S. Dist. LEXIS 45850 (D.N.J. May 11, 2010)) (same); Henderson v. Eaton, 2001 U.S.

Dist. LEXIS 13243 (E.D. La. Aug.23, 2001) quoting West v. Nationwide Credit, Inc.,

998 F. Supp. 642 (W.D.N.C.1998) and holding that under § 1692(c)(b), (A debt

collector may not  communicate with a third party "in connection with the collection of

any debt" except to obtain location information as provided in § 1692(b). To violate 15

U.S.C. § 1692(b), the third party communication need only be "in connection with the collection of a debt;" it need not expressly mention the debt or debt collection as "communication" includes conveying information about a debt "indirectly." 15 U.S.C. § 1692a(2).), Henderson v. Eaton, 2002 U.S. Dist. LEXIS 274 (E.D. La. Jan. 2, 2002). (FDCPA class action certified), Leyse v. Corporate Collection Servs., 2006 U.S. Dist. LEXIS 67719 quoting West v. Nationwide Credit, Inc., 998 F. Supp. 642 (W.D.N.C.1998). (Finding that a phone call to a debtor's neighbor that the Defendant had a "very important" matter to address was "regarding a debt" because the content of the phone call was "with respect to" the Defendant's efforts to collect on Plaintiff's alleged arrearage.), Wideman v. Monterey Fin. Servs., 2009 U.S. Dist. LEXIS 38824 (Finding that the messages left by the Defendant constituted "communications" even though they did not technically mention any information about the debt and stated a claim under 15 U.S.C. § 1692(c)(b) since it was not left for the purpose of obtaining location information which is the only permissible communication with third parties under the FDCPA, quoting West v. Nationwide Credit, Inc., 998 F. Supp. 642, 644-45 (W.D.N.C. 1998); also quoting Belin v. Litton Loan Servicing, LP, 2006 U.S. Dist. LEXIS 47953, 2006 WL 1992410 at *4 (M.D. Fla. July 14, 2006) (which found that the message was a communication under the FDCPA even though it was not disclosed that it came from a debt collector where the name of the company was referenced, directions to return the call were given, and the purpose of the message was to induce the debtor to return the call.) Shand-Pistilli v. Professional Account Servs., Inc., 2010 WL 2978029 (E.D. Pa. July 26, 2010). (The consumer adequately alleged that Defendant contacted a

third party in violation of § 1692(c)(b) since the Defendant's inquiry went beyond the
boundaries of location information. A debt collector may not seek additional information
about a consumer because such information is beyond the scope of location
information.), Gburek v. Litton Loan Servicing LP, 614 F.3d 380 (7th Cir. 2010.) (A
"communication" need not refer to the debt."), Edwards v. Niagra Credit Solutions, Inc.,
586 F. Supp. 2d 1346, 1350-51 (N.D. Ga. 2008). (Finding that the telephone message at
issue, which referenced an "important" matter, contained information regarding a file
number and whom to contact, and was left for the purpose of collecting the debt,
indirectly conveyed information concerning the debt and, therefore, met the statutory
definition of a "communication"), Ramirez v. Apex Financial Management, LLC, 567 F.
Supp. 2d 1035, 1041 (N.D. Ill. 2008). (Finding that the message was an indirect
communication regarding the Plaintiff's debt where it conveyed pertinent information
including the fact that there was a matter he should attend to and instructions on how to
do so.), Hosseinzadeh v. M.R.S. Associates, Inc., 387 F. Supp. 2d 1104, 1116 (C.D. Cal.
2005). (Finding that the messages left by the Defendant constituted "communications"
even though they did not technically mention specific information about the debt.),
Belin v. Litton Loan Servicing, LP, 2006 U.S. Dist. LEXIS 47953, 2006 WL 1992410 at
*4 (M.D. Fla. July 14, 2006). (Finding that the message was a communication under the
FDCPA even though it was not disclosed that it came from a debt collector where the
name of the company was referenced, directions to return the call were given, and the
purpose of the message was to induce the debtor to return the call.), Shaver v. Trauner,
97-1309, 1998 U.S.Dist. LEXIS 19648 (C.D.Ill., Jul. 31, 1998.) (The only exception in

the FDCPA which permits a debt collector to contact third parties is to obtain: "location information about the consumer." 15 U.S.C. § 1692(b).  On its face, a communication to someone other than those enumerated in the statute, and which offers or seeks information not limited to "location information." would be unlawful (class and adoption of denial of motion to dismiss.) 1998 U.S.Dist. LEXIS 19647 (C.D.Ill., May, 29, 1998) (Magistrate Judge's denial of motion to dismiss), Smith v. NCO Fin. Sys., 2009 U.S. Dist. LEXIS 51576 (E.D. Pa. June 12, 2009.) (Holding that the FDCPA prohibits debt collectors from communicating with anyone other than the consumer and the only exception to this broad proscription is that debt collectors may, under Section 15 U.S.C. 1692(b), communicate with persons "other than the consumer for the purpose of acquiring location information about the consumer." The FDCPA defines "location information" as "a consumer's place of abode and his telephone number at such place, or his place of employment".  Contact with third parties, such as employers, for any other purpose is prohibited under the FDCPA.  The court noted that the Defendants' contention that the FDCPA "does not prohibit all third party contact -- only disclosure of the debt to third parties" is an untenable position, unsupported by authority and clearly at odds with the plain language of the statute.)

30.    Said message was in violation of 15 U.S.C. §§ 1692c(b) and 1692d for leaving a message with a third party.

### AS AND FOR A FIRST CAUSE OF ACTION

*Violations of the Fair Debt Collection Practices Act brought by Plaintiff on behalf of himself and the members of a class, as against the Defendant.*

-13-

31.  Plaintiff re-states, re-alleges, and incorporates herein by reference, paragraphs one (1) through thirty (30) as if set forth fully in this cause of action.

32.  This cause of action is brought on behalf of Plaintiff and the members of two classes.

33.  Class A consists of all persons whom Defendant's records reflect resided in the State of New York and who were sent collection letters substantially the same form letter as the letter sent to the Plaintiff on or about March 15, 2013; and (a) the collection letter was sent to a consumer seeking payment of a personal debt purportedly owed Port Authority of New York and New Jersey; and (b) the collection letter was not returned by the postal service as undelivered, (c) and the Plaintiff asserts that the letter contained violations of 15 U.S.C. §§ 1692e, 1692e(10), and 1692g for deceptive actions and for failure to provide proper disclosure of the rights of consumer debtor to dispute the debt.

34.  Class B consists of all persons whom Defendant's records reflect resided in the state of New York and whose neighbor, or similar party or even someone other than a spouse within the debtor's home answered a telephone call from Defendant within one year prior to the date of the within complaint up to the date of the filing of the complaint; (a) the telephone call was placed to a the consumer's home or similar party seeking payment of a consumer debt by leaving a message with a third party directing the consumer to call the Defendant; and (b) the Plaintiff asserts that the telephone message was in violation of 15 U.S.C. §§ 1692c(b) and 1692d.

35.  Pursuant to Federal Rule of Civil Procedure 23, a class action is appropriate and preferable in this case because:

(a)     Based on the fact that a form collection letter and form telephonic messages and

-14-

are at the heart of this litigation, the class is so numerous that joinder of all
members is impracticable.

(b)     There are questions of law and fact common to the class and these questions
predominate over any question(s) affecting only individual class members.  The
principal question presented by this claim is whether the Defendant violated the
FDCPA.

(c)     The only individual issue involves the identification of the consumers who
received such collection letters and such telephonic messages (*i.e.* the class
members).  This is purely a matter capable of ministerial determination from the
records of the Defendant.

(d)     The claims of the Plaintiff are typical of those of the class members.  All of
the respective class claims are based on substantially similar facts and legal
theories.

(e)     The Plaintiff will fairly and adequately represent the class members'
interests.  The Plaintiff has retained counsel experienced in bringing
class actions and collection abuse claims. The Plaintiff's interests are
consistent with those of the members of the class.

36.     A class action is superior for the fair and efficient adjudication of the class members'
claims. Congress specifically envisions class actions as a principal means of enforcing
the FDCPA. 15 U.S.C. § 1692(k). The members of the class are generally
unsophisticated individuals, whose rights will not be vindicated in the absence of a class
action. Prosecution of separate actions by individual members of the classes would

create the risk of inconsistent or varying adjudications resulting in the establishment of

inconsistent or varying standards for the parties and would not be in the interest of

judicial economy.

37.   If the facts are discovered to be appropriate, the Plaintiff will seek to certify a class

pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure.

38.   Collection attempts, such as those made by the Defendant are to be evaluated by the

objective standard of the hypothetical "least sophisticated consumer."

### *Violations of the Fair Debt Collection Practices Act*

39.   The Defendant's actions as set forth above in the within complaint violates the Fair Debt

Collection Practices Act.

40.   Because the Defendant violated of the Fair Debt Collection Practices Act, the Plaintiff

and the members of the class are entitled to damages in accordance with the Fair Debt

Collection Practices Act.

WHEREFORE, Plaintiff, respectfully requests that this Court enter judgment in Plaintiff's favor and

against the Defendant and award damages as follows:

(a)       Statutory and actual damages provided under the FDCPA, 15 U.S.C. § 1692(k);

And

(b)       Attorney fees, litigation expenses and costs incurred in bringing this action; and

(c)       Any other relief that this Court deems appropriate and just under the

circumstances.

Dated: Cedarhurst, New York
April 9, 2013

Adam J. Fishbein, P.C.  (AF-9508)
Attorney At Law
**Attorney for the Plaintiff**
483 Chestnut Street
Cedarhurst, New York 11516
Telephone (516) 791-4400
Facsimile (516) 791-4411

Plaintiff requests trial by jury on all issues so triable.

Adam J. Fishbein (AF-9508)



877-489-5688

March 15, 2013

Mendel Reizes
1615 Carroll St
Brooklyn, NY 11213-5409

       Re:    Port Authority of New York and New Jersey  Account No.  *****2021
              Amount Owed: $126.00
              Reference No.: 551074241644

Mendel Reizes:

We are a debt collection company and our client, Port Authority of New York and New Jersey, has retained us to collect the debt noted above. This is an attempt to collect a debt and any information obtained will be used for that purpose.

To make a payment, please mail your payment using the coupon on the reverse side of this letter or telephone us at 877-489-5688. We process checks electronically and your checking account will be debited on the day we receive your payment. Your check will not be returned.

Unless you notify us within 30 days after receiving this letter that you dispute the validity of this debt or any portion thereof, we will assume that this debt is valid. If you notify us in writing within 30 days after receiving this letter that you dispute the validity of this debt, or any portion thereof, we will obtain and mail to you verification of the debt or a copy of a judgment. If you request of us in writing within 30 days after receiving this letter, we will provide you with the name and address of the original creditor, if different from the current creditor.

We look forward to receiving your payment.

Sincerely,

*Allied Interstate LLC*

Nicole Cummins

SEE REVERSE SIDE FOR OTHER IMPORTANT INFORMATION

3000 Corporate Exchange Drive, Columbus, OH
(Do not send payments or correspondence to this address)

Federal and state laws prohibit certain methods of debt collection, and require that we treat you fairly. You can stop us from contacting you by writing a letter to us that tells us to stop the contact. Sending such a letter does not make the debt go away if you owe it. Once we receive your letter, we may not contact you again, except to let you know that there won't be any more contact or that we intend to take a specific action.

If you have a complaint about the way we are collecting this debt, please write to us at PO Box 4000, Warrenton, VA 20188, email us at advocacygroup@allied-interstate.com, or call us toll-free at 800-811-4214 between 9:00 A.M. Central Time and 5:00 P.M. Central Time Monday – Friday.

The Federal Trade Commission enforces the Fair Debt Collection Practices Act (FDCPA).  If you have a complaint about the way we are collecting your debt, please contact the FTC online at www.ftc.gov; by phone at 877-FTC-HELP; or by mail at 600 Pennsylvania Ave., NW, Washington, DC 20580.

New York City Department of Consumer Affairs license numbers: 0933734, 1140113, 1140115, 1140302, 1140304, 1140551, 1140554, 1140555, 1140606, 1140608, 1168335, 1173635, 1248315.

RETURN MAIL ONLY
P.O.Box 1954
Southgate, MI 48195-0954

(Detach and return with payment)

5510742416443



0028064/0000001

Mendel Reizes
1615 Carroll St
Brooklyn, NY 11213-5409

Allied Interstate LLC
P.O. Box 4000
Warrenton, VA 20188